UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
BOBBIE ROBINSON, *pro se*, :
: **MEMORANDUM & ORDER**
Plaintiff, :
: 07-cv-5168 (DLI)
-against- :
:
MICHAEL J. ASTRUE, :
Commissioner, Social Security, :
:
Defendant. :
----------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se* plaintiff Bobbie Robinson appeals from the Commissioner of Social Security's determination that her entitlement to Disability Insurance Benefits under the Social Security Act ended on September 1, 2004, when her depression ceased being disabling. Plaintiff does not challenge the finding that her depression has lifted, but claims that she is still disabled owing to lower back pain that began on June 15, 1998. The decision by the administrative law judge ("ALJ") on May 22, 2007, denying benefits after a hearing held on May 24, 2006, became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review on November 15, 2007. Pursuant to 42 U.S.C. § 405(g), plaintiff timely filed her request for judicial review in this court on December 10, 2007. Defendant moved for judgment on the pleadings on December 17, 2008. On October 2, 2009, defendant's motion was deemed unopposed. For the reasons that follow, the motion is denied and the case is remanded to the Commissioner for further proceedings consistent with this Order.

**I. Procedural History**

Plaintiff filed a disability application on March 30, 2001, alleging "[d]epression, lower back pain, scoliosis, myofascial pain, asthma, cardiac [sic]" as disabling conditions that began on

1

October 6, 1999. (Administrative Record ("Record") at 99.) The application was denied on May 23, 2001 (Record at 74), but Robinson requested and was granted a hearing before ALJ Seymour Fier, which took place on March 18, 2002. (Record at 67-70, 78-80.) The ALJ denied the application on April 19, 2002. (Record at 397-409.) The ALJ found that the opinion of Dr. Lin, plaintiff's treating physician, that plaintiff was disabled, was "neither controlling nor persuasive," because his findings were not supported by laboratory examinations and "appear[ed] based solely on claimant's subjective complaints." (Record at 402.) He also found that Dr. Lin's opinion was inconsistent both with plaintiff's lack of treatment or medication and with the opinions of other doctors. (Record at 403.)

The Appeals Council remanded the decision on August 24, 2002, directing the ALJ, among other things, to "[g]ive further consideration to the treating source opinion," referring expressly to Dr. Lin, and to explain the weight given to his opinion. (Record at 412-13.) On March 4, 2004, ALJ Fier again denied the application, repeating exactly the language he had used in 2002 about Dr. Lin. (Record at 663-73.) On July 29, 2004, the Appeals Council remanded the decision a second time, to ALJ Sol A. Wieselthier, finding that ALJ Fier "did not resolve the issues discussed in [the first] remand order," and specifically mentioning the treatment of Dr. Lin's opinion. (Record at 680-82.)

After a May 24, 2006 hearing, ALJ Wieselthier determined on May 22, 2007 that Robinson was disabled from October 6, 1999 to September 1, 2004, because the severity of her depression equaled § 12.04 of the impairments listed in Appendix 1, Subpart P, 20 C.F.R. Part 404. (Record at 19.) The ALJ held that plaintiff's mental impairment ended on September 2, 2004, citing the opinion of a doctor plaintiff visited on that date, which was corroborated by the medical expert at the hearing. (Record at 19.) The ALJ also gave a detailed summary of the

2

extensive medical record concerning Robinson's physical ailments and back pain. (Record at 21-26.) Although Robinson's two treating physicians both opined that she was not capable of engaging in light work activity because of her back pain, the ALJ held that their opinions were not entitled to controlling weight because substantial evidence – the medical opinions of six consultative doctors and plaintiff's own testimony – contradicted those findings. (Record at 26.)

Plaintiff appealed the portion of the 2007 ALJ decision that held that her "medical condition had improved by September 1, 2004 so that she might perform light work activity." (Record at 685.) She conceded that her depression had improved such that it was no longer disabling, but argued that "her physical condition was still disabling in that she was unable to perform even sedentary work." (Record at 685.) The appeal was denied on November 15, 2007. (Record at 6.) On December 10, 2007, plaintiff initiated this action *pro se* by filling out a form complaint, claiming she has a "low back pain promblen [sic]" that began on June 15, 1998,[1] but providing no further detail. (*See* Compl. ¶¶ 4-5.) On December 17, 2008, defendant filed a motion for judgment on the pleadings. On October 2, 2009, after the deadline of the court's second extension allowing plaintiff to file her opposition had passed, the motion was deemed unopposed.

---

[1] This date is earlier than the date ALJ Wieselthier found her disability owing to depression had begun, which is October 6, 1999. In her appeal of that decision, plaintiff did not dispute the October 1999 date. (Record at 685-86.) Moreover, in her initial disability application, she listed October 6, 1999 as the onset date for all of her medical claims. (Record at 99.) Plaintiff had previously filed a disability application on June 19, 1998 that was denied. (Record at 400.) But, because plaintiff did not appeal the denial of that application, the June 1998 onset date is not properly before this court. 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action.").

3

II. Analysis

   a. General Legal Standards

As a *pro se* litigant, plaintiff's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, the court will construe plaintiff's pleadings and papers "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (original emphasis, internal quotation marks and citation omitted). The district court reviews the Commissioner's decision to determine whether it is supported by substantial evidence and based on correct legal standards. *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

   b. Treating Physician Rule

The ALJ must consider all medical opinions received regarding the claimant. 20 C.F.R. § 404.1527(d) (2006). Controlling weight is only given to a treating physician's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Id.* For example, controlling weight need not be given to a treating physician's opinion if that opinion is inconsistent with those of "other medical experts." *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam); *see also Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999). Similarly, controlling weight need not be given to the treating physician's opinion if it is inconsistent with the plaintiff's own testimony. *See Navan v. Astrue*, 303 F. App'x 18, 20 (2d Cir. 2008).

If an ALJ does not give controlling weight to a treating source, the ALJ must determine what weight to give the treating physician's opinion, and give "good reasons" for the weight given. 20 C.F.R. § 404.1527(d)(2). "The requirement of reason-giving exists . . . to let claimants understand the disposition of their cases, even – and perhaps especially – when those dispositions are unfavorable." *Snell*, 177 F.3d at 134. Courts must remand when they "encounter opinions from ALJ's that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion." *Halloran*, 362 F.3d at 32. Factors that the ALJ must consider in determining what weight to give the treating physician's opinion are: (1) the length and extent of the treatment relationship; (2) whether evidence such as laboratory findings supports the source's opinion; (3) whether the treating source is a specialist; (4) the consistency of the opinion with the rest of the record; and (5) "any factors [plaintiff] or others bring to [the ALJ's] attention, or of which [they] are aware, which tend to support or contradict the opinion." 20 C.F.R. § 404.1527(d)(2)-(6); *see also Clark v. Commissioner of Social Sec.*, 143 F.3d 115, 118 (2d Cir. 1998).

The ALJ did not give controlling weight to the opinions of plaintiff's treating physicians, Drs. Lin and Zenatos, finding that there was substantial evidence that contradicted their findings and supported the conclusion that plaintiff was capable of light work. (Record at 26.) However, after deciding not to give the treating physicians' opinions controlling weight, the ALJ failed to consider, either expressly or implicitly, the applicable § 404.1527(d) factors. *See Clark*, 143 F.3d at 118 (§ 404.1527(d) factors "must" be considered when a treating physician's opinion is not given controlling weight). This is particularly troubling because some of the factors appear to weigh in favor of plaintiff. For example, the ALJ did not discuss the length or extent of the treating relationship with Dr. Lin, even though the record suggests an extensive treating

5

relationship, (Record at 358, 544-47), or that Dr. Zenetos appears to be a pain specialist (Record 654). The ALJ also failed to indicate the amount of weight he ultimately assigned to the opinions. "Under the applicable regulations, the Social Security Administration is required to explain the weight it gives to the opinions of a treating physician." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (citing 20 C.F.R. § 404.1527(d)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.")).

In the absence of a specific allocation of weight to each opinion and clearly stated reasons for such weight, the court cannot ascertain whether the ALJ correctly applied the treating physician rule in assessing plaintiff's eligibility for disability benefits. Accordingly, this matter is remanded for consideration of all the required § 404.1527(d) factors, an express allocation of weight to the opinions, and "good reasons" therefore.

## III. Conclusion

For the reasons stated above, the Commissioner's motion is denied and the case is remanded to the Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further proceedings consistent with this Order. The Commissioner is directed to prevent further delay in the processing of Plaintiff's case, and to expedite the additional administrative proceedings. If Plaintiff's benefits remain denied, the Commissioner is directed to render a final decision within sixty days of Plaintiff's appeal, if any. *See Butts v. Barnhart*, 388 F.3d 377, 388 (2d Cir. 2004) (suggesting procedural time limits to ensure speedy disposition of Social Security cases upon remand by district courts).

SO ORDERED.

DATED: Brooklyn, New York
September 29, 2010

_____/s/_____
DORA L. IRIZARRY
United States District Judge